702 A.2d 1294

JOSEPH WOLFERSBERGER, JR., PLAINTIFF–APPELLANT,
v. BOROUGH OF POINT PLEASANT BEACH,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 9, 1996—Decided October 9, 1996.

Before Judges HAVEY, BROCHIN and KESTIN.

*Stephen B. Hunter* argued the cause for appellant (*Klausner & Hunter*, attorneys; *Mr. Hunter*, of counsel; *Mr. Hunter* and *David L. Rosenberg*, on the brief).

*Diana L. Anderson* argued the cause for respondent (*Hiering, Hoffman & Gannon*, attorneys; *Thomas G. Gannon*, of counsel; *Ms. Anderson*, on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

In order to be eligible to receive a "special retirement" pension pursuant to *N.J.S.A.* 43:16A–11.1, a policeman or fireman employed by a municipality must have "established 25 years of creditable service." *Ibid.* Plaintiff Joseph Wolfersberger, Jr. was employed as a policeman by defendant Borough of Point Pleasant Beach. He retired on November 1, 1993, after twenty-three years' actual service.[1] Because he had served in the United States armed forces for two or more years, he qualified for his retirement pension "by paying into the annuity savings fund [of the Police and Firemen's Retirement System] the amount required" to make up the difference between what he had actually contributed to the annuity fund and what he would have contributed if he had worked the full twenty-five years. *N.J.S.A.* 43:16A–11.11.

Mr. Wolfersberger was covered by a collective bargaining agreement between the Borough and the local unit of the Police Benevolent Association that included the following provision:

> Effective 1/1/92, any officer represented by this unit who has completed twenty-five (25) years of service shall remain within the Borough Medical Plan at husband and wife coverage at no expense to the employee upon retirement from the employ of Point Pleasant Borough. This benefit shall only apply to officers in the Borough's employ as of 1/1/92.

On the date of his retirement, *N.J.S.A.* 40A:10–23 read as follows:

> Retired employees shall be required to pay for the entire cost of coverage for themselves and their dependents at rates which are deemed to be adequate to cover the benefits....

> The employer may, in its discretion, assume the entire cost of such coverage and pay all the premiums for employees who have retired on a disability pension or after 25 years' or more service with the employer, or have retired and reached the age of 62 or older with at least 15 years of service with the employer, including the premiums on their dependents, if any, under uniform conditions as the governing body of the local unit shall prescribe.

---

[1] There appears to be some dispute as to the date of Mr. Wolfersberger's retirement. If we accept his contention that he retired effective February 1, 1994, that would not change the outcome of his case.

Mr. Wolfersberger contends that by virtue of this statute and his collective bargaining agreement, he is entitled to have his and his wife's health insurance premiums paid by the Borough of Point Pleasant Beach. He argues that the phrases "twenty-five (25) years of service" in the collective bargaining agreement and "25 years' or more service with the employer" in *N.J.S.A.* 40A:10–23 should both be read to include the two years of service credit which he purchased from the Police and Firemen's Retirement System to qualify for his retirement pension.

The Borough disagrees. It contends that for the purpose of its collective bargaining agreement and *N.J.S.A.* 40A:10–23, "service" means only actual service. It has therefore declined to pay the premiums for Mr. and Mrs. Wolfersberger's health insurance.

Mr. Wolfersberger commenced this suit to compel payment. On cross-motions for summary judgment, the motion judge first ruled in his favor and then, following a motion for reconsideration, ruled in favor of the Borough.

■ Mr. Wolfersberger has appealed. He contends that *N.J.S.A.* 40A:10–23 and *N.J.S.A.* 43:16A–1 *et seq.* are *"in pari materia"* and, therefore, "service" in both statutes should be construed to include credited service. He also alleges that the motion judge erred both in failing to give proper weight to evidence that the representatives of the Borough and the P.B.A. who negotiated their collective bargaining agreement intentionally agreed not to explicitly limit "service" to "actual service," and in considering evidence of the negotiators' contrary intent submitted by the Borough in support of its untimely motion for reconsideration.

We disagree. Plaintiff's *in pari materia* argument disregards the significant differences in the language, purposes, and legislative history of the two statutes upon which he relies. We also conclude that the intent of the collective bargaining agreement is immaterial.

*N.J.S.A.* 43:16A–1(7) defines "service" to mean "service as a policeman or fireman paid for by an employer." *N.J.S.A.* 43:16A–1(6) defines "employer" to mean "the State of New Jersey, the county, municipality or political subdivision thereof which pays the particular policeman or fireman." The United States military is not defined as an "employer." However, plaintiff was able to purchase credits to qualify for a 25–year pension because of the explicit language of *N.J.S.A.* 43:16A–11.11:

A member of the Police and Firemen's Retirement System may file a detailed statement of ... military service in the Armed Forces of the United States, rendered prior to becoming a member, for which the member desires credit.... the member may purchase credit for all or a portion of the service evidenced in the statement up to the nearest number of years and months, but not exceeding 10 years....

Plaintiff's purchased credits satisfy the prerequisites for a "special retirement" pension pursuant to *N.J.S.A.* 43:16A–11.1 because that statute defines eligibility for such a pension in terms of "creditable service." But no comparable statutory provisions authorize counting "creditable" or credited service toward the 25 years of service called for by *N.J.S.A.* 40A:10–23 as it existed when Mr. Wolfersberger retired. Neither that statute nor any other provided that anything but "service with the employer" could be credited toward the twenty-five years' service required to qualify a retired municipal police officer or firefighter to have his health insurance premiums paid by a municipality which has undertaken to pay them. *Cf. N.J.S.A.* 52:14–17.32c(1) ("the State shall pay the premium ... for the benefits provided to a retired State employee and his dependents ... if such employee retired from a State-administered retirement system on a benefit based on 25 years or more of *service credited* in such retirement system...." (Emphasis added.))

A 1995 amendment to *N.J.S.A.* 40A:10–23 (*L.* 1995, *c.* 136, sec. 1) now provides:

The employer may, in its discretion, assume the entire cost of such [health insurance] coverage for employees ... b. who have retired *after 25 years or more of service credit in a State or locally administered retirement system* and a period of service of up to 25 years with the employer at the time of retirement, such

period of service to be determined by the employer and set forth in an ordinance or resolution as appropriate.... [Emphasis added.]

The Introducer's Statement to Assembly Bill No. 2588 which was enacted as *L.* 1995, *c.* 136, sec. 1, indicates that the Legislature understood the amendment as effecting a change in the existing law:

Assembly Bill No. 2588, as amended, broadens the categories of employees for whom municipalities and counties may choose to assume the entire cost of providing health and hospital benefit coverage after the employees' retirement.

The categories will be employees who have retired:

*on a disability pension;

*with 25 years or more of service credit in a State or locally administered retirement system and a period of service of up to 25 years with the employer at the time of retirement, such period to be determined by the employer;

. . .

The committee amended the bill to broaden the categories of employees for whom a local government could choose to pay health benefits after retirement. The committee's amendments include employees who have aggregated sufficient service credits in one or more State or locally administered retirement systems.

*N.J.S.A.* 43:16A–11.11, the statute which accorded members of the Police and Firemen's Retirement System the right to purchase retirement credits, imposes no direct costs on the retiree's employer. The Legislature's Fiscal Impact Statement (*see N.J.S.A.* 52:13F–3) to *N.J.S.A.* 43:16A–11 states:

This bill has no immediate fiscal impact for the State or local governments. A member of one of the pension systems who elects to purchase service time will pay an actuarially determined amount into the pension system. The State or local employer will not pay any part of the cost of the purchase.

*N.J.S.A.* 40A:10–23, on the other hand, authorizes a municipality to assume a financial burden. There is no reason in principle or policy why a statute which authorizes a municipality to incur a potentially onerous liability should be construed, contrary to the apparent meaning of its language, to cover the same group of employees as a statute whose effect is to extend a benefit which is without cost to the municipal employer.

Finally, there is strong legislative history indicating that the amendment to *N.J.S.A.* 40A:10–23 which was in effect when Mr. Wolfersberger retired was enacted with the specific purpose of

authorizing a municipality to pay health insurance premiums only for employees who have completed twenty-five years of actual service in its employment. As originally adopted by the Legislature, the 1985 amendment to *N.J.S.A.* 40A:10–23 could have been interpreted as authorizing payment of health insurance premiums for all employees who retired at age sixty-two or older with fifteen years' service, including credited service performed for employers other than the last employer. Governor Thomas H. Kean vetoed the bill with the explanation:

> I recommend that Assembly Bill No. 1821 be amended to require a participating employer to pay health and hospital benefit coverage for a retiree age 62 or older with at least 15 years of service, and his dependents, only if the retiree worked at least 15 years of service with that employer. Amending Assembly Bill No. 1821 in this manner. . . . will ensure that only retirees, who deserve the benefit because of many years of devoted service to one employer, will receive the benefit. Finally, it will ensure that a participating local governmental employer will not be saddled with an inequitable cost.
>
> Accordingly, for the aforementioned reasons, I return Assembly Bill No. 1821 and recommend that it be amended as follows:
>
> *Page 1, Section 1, Line 19:* After "service" insert "with the employer."

The statute as adopted was amended to conform to the Governor's recommendation and, in addition, the retirement age of non-disabled employees for whom a municipality may pay premiums was raised to sixty-five. This legislative history requires us to interpret *N.J.S.A.* 40A:10–23 in the form in which it existed when Mr. Wolfersberger retired as limiting a municipality's authority to pay premiums to firefighters and police officers who completed twenty-five years of actual service for the last employer.

█ In view of our interpretation of this statute, the intent of the parties' collective bargaining agreement is immaterial. If the agreement was intended to provide for payment of health insurance premiums to someone with Mr. Wolfersberger's employment history, it is contrary to a controlling statute and therefore unenforceable. *Allstate Ins. Co. v. Skolny*, 86 *N.J.* 112, 118 n. 5, 429 *A.*2d 1045 (1981) ("contract that contravened our statutes would be contrary to public policy and unenforceable as a matter of law"); *Midtown Properties, Inc. v. Township of Madison*, 68 *N.J.Super.* 197, 207–08, 172 *A.*2d 40 (Law Div.1961), *aff'd o.b.*, 78

*N.J.Super.* 471, 189 *A.*2d 226 (App.Div.1963) (contract void where it attempted to grant special privileges contrary to law); *City Council of City of Elizabeth v. Fumero,* 143 *N.J.Super.* 275, 284, 362 *A.*2d 1279 (Law Div.1976) (clause in collective bargaining agreement declared void where contrary to intent of legislature).

■ As previously mentioned, the motion judge ruled initially in favor of plaintiff and then reversed himself in response to defendant's motion for reconsideration. For the purpose of our decision, we will assume, as plaintiff contends, that because of the late filing of defendant's motion for reconsideration, the Law Division was without jurisdiction to reconsider its original ruling. Defendant should have filed a protective cross-appeal from the initial decision in plaintiff's favor, but it failed to do so. However, both rulings are before us by virtue of plaintiff's appeal and both parties have presented all of the arguments which they would have urged if a cross-appeal had been filed. For us to affirm the initial decision because defendant did not file a cross-appeal would be inconsistent with our obligation to decide cases on their merits whenever we possibly can. *See New Jersey Highway Auth. v. Renner,* 18 *N.J.* 485, 495, 114 *A.*2d 555 (1955) ("justice is the polestar and our procedures must ever be moulded and applied with that in mind"). We might vacate the original decision on the ground that it was wrong and vacate the decision after reconsideration on the ground that it was entered without jurisdiction, leaving the defendant to again move for summary judgment before the Law Division. But that would surely be a useless multiplication of effort. We therefore exercise our original jurisdiction, *R.* 2:10–5, and remand this case to the Law Division for the entry of a judgment in defendant's favor.