**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2884-17T2

CITY OF HOBOKEN,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

HOBOKEN MUNICIPAL
SUPERVISORS ASSOCIATION,

      Defendant-Respondent/
      Cross-Appellant.

_____

Argued March 6, 2019 – Decided July 15, 2019

Before Judges Alvarez, Nugent and Reisner.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2664-17.

Mark A. Tabakin argued the cause for appellant/cross-respondent (Weiner Law Group LLP, attorneys; Mark A. Tabakin, of counsel and on the briefs; Patricia C. Melia and Dustin F. Glass, on the briefs).

Catherine M. Elston argued the cause for respondent/cross-appellant (C. Elston & Associates

LLC, attorneys; Catherine M. Elston, of counsel and on the briefs).

PER CURIAM

Plaintiff City of Hoboken (the City) appeals from a January 19, 2018 trial court order confirming those portions of an arbitration award in favor of defendant Hoboken Municipal Supervisors Association (the union). The union cross-appeals from the same trial court order insofar as it confirms those portions of the award that were in the City's favor.[1] We affirm substantially for the reasons stated by the trial court in its February 5, 2018 written opinion. We add these comments.

We write this opinion primarily for the parties, who are fully familiar with the case and its history. A brief summary will suffice here. In 2011, the City terminated Alfred Arezzo, a union member, from employment as a supervisor. After lengthy legal proceedings, the Civil Service Commission upheld the termination for cause, and we affirmed that decision. In re Arezzo, No. A-0791-

---

[1] The City filed a complaint seeking to vacate certain portions of the award; the union filed a counterclaim seeking to vacate other portions. The January 19, 2018 order only addressed the City's complaint. The union's appeal rests on a February 5, 2018 written opinion of the trial court indicating that the court confirmed the arbitration award in its entirety, thereby dismissing the union's counterclaim. Both sides agree that the court did not enter a separate order dismissing the counterclaim. We will deem the February 5, 2018 written opinion as modifying the January 19, 2018 order to add dismissal of the counterclaim.

12 (App. Div. Nov. 21, 2014), certif. denied, 222 N.J. 15 (2015). In 2015, after the Supreme Court denied his petition for certification, Arezzo applied for a retirement pension, which the Public Employee Retirement System (PERS) granted. PERS credited Arezzo with thirty-five years of honorable public service including twenty-five years with the City. However, the City, denied his application for the following contractual benefits under the collective negotiations agreement (CNA): health benefits in retirement, retroactive pay increases, terminal leave pay, and vacation pay.

The union filed a grievance, and the dispute was submitted to an arbitrator, who conducted a four-day hearing.[2] In his award, the arbitrator determined that Arezzo was entitled to health benefits and retroactive pay increases, because the CNA guaranteed those benefits to retirees, a term that applied to Arezzo. On the other hand, the arbitrator determined that Arezzo was not entitled to terminal leave pay and vacation pay, because the CNA extended those benefits to an employee upon the employee's termination of his or her employment. The arbitrator reasoned that, since Arezzo was fired, he did not "terminate" his own

---

[2] The parties did not provide a transcript of the arbitration hearing, thereby precluding meaningful appellate review of the arbitrator's factual findings. As a result, each side waived its right to challenge those findings on appeal. R. 2:6-1(a)(1); Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 54-55 (2004).

A-2884-17T2

employment and was not an employee within the meaning of the CNA when he applied for the benefits. The arbitrator rejected the union's argument that vacation pay and terminal leave pay were deferred compensation to which Arezzo was entitled as matter of law. He reasoned that "whether a specific benefit qualifies as deferred compensation depends on the terms of the contract." In a thorough written opinion, the trial court confirmed the award, holding that the arbitrator's various interpretations of the CNA were all reasonably debatable.

Our review of the trial court's decision is de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013). By contrast, as the trial court correctly recognized, review of the arbitrator's decision is limited and highly deferential. See N.J.S.A. 2A:24-8. Neither the trial court nor this court may second-guess the arbitrator's interpretation of the CNA, so long as his construction of the contract is reasonably debatable. Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 11 (2007). "Consistent with the reasonably debatable standard, a reviewing court may not substitute its own judgment for that of the arbitrator, regardless of the court's view of the correctness of the arbitrator's interpretation." Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 277 (2010) (citation omitted). "[I]n rare circumstances" an arbitration award may be overturned where it violates

public policy.  <u>Borough of E. Rutherford v. E. Rutherford PBA Local 275</u>, 213 N.J. 190, 202 (2013) (citation omitted).

In support of the appeal and cross-appeal, respectively, the parties largely repeat the arguments they presented to the trial court.  Based on our de novo review of the entire record, we conclude that the arbitrator's legal interpretations were reasonably debatable and not contrary to public policy.  The parties' appellate arguments are without sufficient merit to warrant further discussion, beyond the following comments.  <u>R.</u> 2:11-3(e)(1)(E).

The City's citation to N.J.S.A. 40A:10-23 is not on point, because that statute simply does not address the situation presented here.[3]  The statute permits public employers to pay for health benefits in retirement, if an employee has a specified combination of age and years of service.  <u>Ibid.</u>; <u>see</u> <u>Wolfersberger v. Borough of Point Pleasant Beach</u>, 305 N.J. Super. 446, 451-52 (App. Div. 1996).  The statute by its terms does not require current employment with the public employer, as opposed to a sufficient number of years of past service.  The legislative history supports that construction.  For example, the <u>Governor's Reconsideration and Recommendation Statement to Assembly, No. 1821</u> (<u>L.</u>

---

[3] It is unclear whether the City raised this issue before the arbitrator or pursued the issue in the trial court.  Nonetheless, because the union briefed the issue without objection, we have addressed it.

1985, c. 224) states that the employer-paid health benefits are a reward for "many years of devoted service to one employer." The emphasis was on the amount of past service, not whether the retiree was currently employed by the public employer at the time he or she retired. See Wolfersberger, 305 N.J. Super. at 452-53.

In addition, as the union points out, Arezzo could not have applied for retirement benefits until his disciplinary appeal was resolved. See N.J.A.C. 17:1-6.2(d). Hence, the City was his "last employer" even if it was no longer his employer when he applied for the benefits. See Wolfersberger, 305 N.J. Super. at 452 (interpreting the statute as authorizing a municipality to pay benefits for an employee who "completed twenty-five years of actual service for the last employer"). Accordingly, we reject the City's argument that it was statutorily prohibited from paying for Arezzo's health benefits because he was terminated from employment before he retired.

In conclusion, the trial court decided this case correctly, and the parties' appellate contentions are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2884-17T2